UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                      **Case No: 6:17-cr-194-Orl-18GJK**

**TOBIAS ANTONIO NAVARRETE**

_____/

## ORDER

THIS CAUSE is before the Court on the Government's Motion for an Order Revoking Defendant's Pretrial Release ("Motion," Doc. 18). In the alternative, the Government seeks the entry of an order staying the Magistrate Judge's order of release to the extent necessary to permit further briefing on this matter and to enable the Court to examine the records of the proceedings before the Magistrate Judge. (*Id.* at 1). Upon due consideration, the Court will grant the Government's motion to stay the Magistrate Judge's order of release and will establish a briefing schedule necessary for the expeditious resolution of this issue.

## I.    BACKGROUND

On August 16, 2017, a grand jury sitting in Orlando, Florida, returned an Indictment (Doc. 1) charging Defendant Navarrette with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 and 841 (b)(1)(A)(i) (Count One), and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(b)(1)(B) (Count Two).[1] Defendant was arrested in the Southern District of California and appeared before

---

[1] Defendant Navarrette is not charged in the third count of the Indictment. (*See* Doc. 1 at 2)*.*

Magistrate Jan M. Adler, sitting in the San Diego Division, on October 24, 2017. (Doc. 18 at 2). At the hearing, Magistrate Judge Adler entered an order removing Defendant to this Court. (*Id.*).

A bond hearing was also held on the matter and the Government proffered evidence in support of Defendant's pretrial detention. (*Id.* at 2–3). At the conclusion of the hearing, Magistrate Judge Adler set conditions for pretrial release and a $25,000.00 bond for Defendant, comprised of a $15,000.00 bond personally secured by the his father and a $10,000.00 bond personally secured by his mother. (*Id.* at 3–4). The Government now moves for this Court to revoke Defendant's release on bond pursuant to 18 U.S.C. § 3145(a)(1).

## II.     STANDARD OF REVIEW

Title 18, United States Code, Section 3145(a)(1) provides that when a magistrate judge orders the release of a defendant "the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . . The motion shall be determined promptly." This Court has original jurisdiction over the offense; hence, review of the magistrate judge's order properly resides with this Court.

Upon a motion for revocation, a district court conducts a *de novo* review of the case, engaging in an independent review of the facts presented by the parties. *United States v. Hurtado*, 779 F.2d 1467, 1480 (11th Cir. 1985). The district court may base its review of the magistrate judge's order on the parties' memorandum of law and a transcript or recording of the proceedings. *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987). However, an additional evidentiary hearing may be held if the court it deems one necessary to the resolution of the matter under consideration. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985) (per curiam).

## III.     DISCUSSION

The Court is mindful of its obligation to promptly resolve the Government's Motion, but this obligation must be balanced against Defendant's right to respond to the Government's motion. Accordingly, Defendant is directed to file with this Court a response to the Government's motion **on or before November 9, 2017**. If either the Government or Defendant seeks an additional evidentiary hearing, the requesting party shall articulate the basis for the request, recognizing this Court will independently examine the record presented to Magistrate Judge Adler. A request for an additional evidentiary hearing must also be **on or before November 2, 2017**. A request for an evidentiary hearing does not relieve Defendant of the deadline for submitting his response to the Government's motion.

## IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Government's Motion for an Order Revoking Defendant's Pretrial Release (Doc. 18) is **GRANTED in part**. Magistrate Judge Adler's order is **STAYED** pending resolution of the Government's Motion by this Court.

2. Defendant Navarrette shall file his response to the Government's Motion **on or before November 9, 2017**.

3. Any party requesting an additional evidentiary hearing shall state the basis for the request **on or before November 2, 2017**.

**DONE** and **ORDERED** in Orlando, Florida on October 26, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record