UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 6:17-cr-194-Orl-37GJK

IVAN RAUNEL CARBAJAL
BARRAZA; and TOBIAS ANTONIO
NAVARRETE.

---

**ORDER**

This cause is before the Court on the Government's Motion for an Order Revoking Defendant's Pretrial Release (Doc. 18 ("**Motion**")), to which Defendant responded (Doc. 43). The Court then held a status conference on December 7, 2017, where the Motion was granted. (*See* Doc. 46.) This Order follows.

I. BACKGROUND

On August 16, 2017, the grand jury returned a two-count indictment against Defendant Tobias Antonio Navarrete ("**Mr. Navarrete**") charging: (1) conspiracy to possess with intent to distribute a controlled substance under 21 U.S.C. § 846; and (2) possession with intent to distribute a controlled substance under 21 U.S.C. § 841(b). (Doc. 1.) Mr. Navarrete was later arrested in the San Diego and made his initial appearance before U.S. Magistrate Judge Jan M. Adler, sitting in the Southern District of California. (*See* Doc. 21.) Magistrate Judge Adler then held a detention hearing on October 25, 2017, where he: (1) ordered Mr. Navarrete removed to the Middle District of Florida—the district where the alleged offenses occured; and (2) denied the

-1-

Government's oral detention motion, which claimed that Mr. Navarrete was a flight risk. (*See* Doc. 24.) Magistrate Judge Adler ordered Mr. Navarrete released on certain conditions, which he later modified by requiring a $15,000 personally secured bond by Mr. Navarrete's father and a $10,000 personally secured bond by Mr. Navarrete's mother. (Doc. 27 ("**Release Order**").)

On October 26, 2017, the Government filed the Motion, seeking to stay the Release Order and revoke Mr. Navarrete's pretrial release on grounds that Magistrate Judge Adler failed to properly weigh the evidence presented. (Doc. 18, p. 1, 7–12.) To provide Mr. Navarrete time to respond to the Motion and provide copies of the detention hearing transcript, U.S. District Judge Carlos E. Mendoza stayed the Release Order pending resolution of the Motion. (Doc. 29.) After receiving copies of the detention hearing before Magistrate Judge Adler (Doc. 43; *see also* Docs. 43-1, 43-2), the Court held a status conference.

## II. LEGAL STANDARDS

Under 18 U.S.C. § 3145(a)(1), when a magistrate judge orders the release of a criminal defendant "the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . . The motion shall be determined promptly." The Court's original jurisdiction is not disputed here, and the Court finds that it may properly review the Release Order.

In resolving pretrial release matters, a district court conducts a de novo review of the case and exercises independent review of the facts presented by the parties. *United*

*States v. Hurtado*, 779 F.2d 1467, 1480 (11th Cir. 1985). The district court may base its review of the magistrate judge's order on the parties' memoranda of law and a transcript or recording of the proceedings. *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987).

The Court's inquiry into the necessity of pretrial detention is guided by 18 U.S.C. § 3142. Specifically, the Court examines whether there are any conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, as well as the safety of any other person and the community. 18 U.S.C. § 3142(e). A finding that the defendant poses a flight risk or is a danger to the community is sufficient to detain the defendant pending trial.[1] *United States v. King*, 849 F.2d 485, 488 (1988). In making this determination, the Court considers the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. ANALYSIS

To resolve the Motion, the Court performed an independent, de novo review of the proceedings before Magistrate Judge Adler's and his resultant Release Order. *Hurtado*, 779 F.2d at 1481. Ultimately, the Court must decide whether any condition or

---

[1] The Government must prove that the defendant is a flight risk by a preponderance of the evidence, or that [he] is a danger to the community by clear and convincing evidence. *See United States v. King*, 849 F.2d 485, 488–89 (11th Cir. 1988) (citing *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985)).

combination of conditions will reasonably assure: (1) Mr. Navarrete's appearance during the required proceedings; and (2) the safety of any other person and the community. *Id.* at 1479. Upon consideration, the Court finds that no condition or combination of conditions of pretrial release will reasonably assure Mr. Navarrete's appearance at future court proceedings.

First, the Court finds that Mr. Navarrete failed to rebut the statutory presumption that his continued release risks his appearance at future court proceedings. 18 U.S.C. § 1342(e). Section 1342(e) creates several "rebuttable presumptions" that the Court must use in determining whether pretrial detention is necessary. *King*, 849 F.2d at 487. Germane here is the statutory presumption associated with a judicial finding of probable cause that a defendant committed an offense punishable by a term of imprisonment of ten years or more under the Controlled Substances Act. 18 U.S.C. § 3142(e)(3)(A) ("**Statutory Presumption**").

"Once the government makes a showing of probable cause that the defendant committed one of the enumerated acts[,] this triggers the presumption that the defendant either constitutes a danger to the community or poses a risk of flight from justice." *Hurtado*, 779 F.2d at 1479. "[T]o trigger section 3142(e)'s rebuttable presumption, the government need not make a showing of probable cause independent of the grand jury's indictment." *King*, 849 F.2d at 487–88. Here, Mr. Navarrete was indicted on two offenses for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substance Act. (Doc. 1). Thus, the Statutory Presumption is triggered.

After the Statutory Presumption is triggered, the burden shifts to the defendant to produce "evidence to suggest that [he] is either not dangerous or not likely to flee if turned loose on bail." *Hurtado*, 779 F.2d at 1479. At a detention hearing, the defendant may satisfy this burden by testifying, presenting witnesses on her behalf, cross-examining any government witnesses, and presenting information by proffer or otherwise. *Id.*; 18 U.S.C. § 3142(f).

"[W]hen the question is whether the defendant has successfully rebutted the presumption created in subsection (e), the judicial officer is directed to the four-part catechism of subsection (g)." *Hurtado*, 779 F.2d at 1479. In applying these four factors, "a finding of either danger to the community or risk of flight will be sufficient to detain the defendant pending trial." *King*, 849 F.2d at 488 (quoting *Portes*, 786 F.2d at 765). Against these legal principles, the Court summarizes the detention hearing held on October 17, 2017, before Magistrate Judge Adler. (*See* Doc. 23.)

**A.    Summary of the October 17, 2017 Hearing**

In seeking pretrial detention, the Government relied heavily on the weight of the evidence against Mr. Navarrete. (Doc. 43-1, p. 3.) Specifically, it alleged that Mr. Navarrete was a drug courier, who transported 1.5 kilograms of heroin on three trips to Orlando, Florida. (*Id.*) The Government further proffered that Mr. Navarrete also transported money back to Mexico and provided it to a drug trafficking organization. (*Id.* at 3–4.) According to the Government, Mr. Navarrete, who "does have ties to Mexico," traveled there at least three times to meet with drug trafficking contacts and also has "extended family in Mexico, which elevates the risk of flight." (*Id.* at 4.) In addition, the

Government points to Mr. Navarrete's prior arrest for smuggling Chinese Nationals into the United States just weeks before his arrest in this matter. (*Id.*)

For his part, Mr. Navarrete, through his counsel, proffered that he has significant family ties in San Diego, California and has held employment at a 7-11 in that area for at least five years. (*Id.* at 5.) Without disputing his arrest for alien smuggling, defense counsel points out that he was never charged and has no criminal convictions. (*Id.*)

Magistrate Judge Adler concluded that the Statutory Presumption applied but found that Mr. Navarrete had sufficiently rebutted it. (*Id.* at 7.) Given Mr. Navarrete's "substantial community ties and his lack of any criminal convictions," Magistrate Judge Adler concluded "that there are conditions that would reasonably assure his appearance in court" and set Mr. Navarrete's bail. (*Id.*)

**B.      Findings by the District Court.**

Because the Court reviews de novo, it is not bound by Magistrate Judge Adler's findings. First, as Magistrate Judge Adler correctly noted, the Court finds that the rebuttable Statutory Presumption applies. *See* 18 U.S.C. § 3142(e)(3)(A). As such, Mr. Navarrete must produce evidence that he is either not dangerous or not likely to flee if released.

But, contrary to Magistrate Judge Adler's findings, the Court finds that Mr. Navarrete has not rebutted the Statutory Presumption in light of the nature of charges against him and his history and characteristics. To that end, the Court finds credible the Government's proffered evidence that Mr. Navarrete was exposed to criminal activity while residing in Mexico. Although Mr. Navarrete has family in

San Diego, a release as recommended situates him proximate to Tijuana—a place where he has connections to criminal activity. Indeed, the Government proffered that in the Defendant's post-Miranda interview he acknowledged that he was recruited into the illegal drug activity while actually residing in Tijuana, Mexico. With this, the Court finds that Magistrate Judge Adler's conditions of release would not impose a sufficient burden on Mr. Navarrete to guarantee his presence at future proceedings. In sum, Mr. Navarrete has not rebutted the Statutory Presumption, and the Government has come forward with credible evidence sufficient to satisfy its burden as to Mr. Navarrete's flight risk. *See King*, 849 F.2d at 488. So the Court orders Mr. Navarrete detained.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Government's Motion for an Order Revoking Defendant's Pretrial Release (Doc. 18) is **GRANTED**.

2. U.S. Magistrate Judge Jan M. Adler's Order Setting Conditions of Release (Doc. 27) is **REVOKED**.

3. Defendant Tobias Antonio Navarrete shall be **DETAINED** pending trial.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 8, 2017.



ROY B. DALTON JR.
United States District Judge


Copies to:
Counsel of Record